IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELIZABETH HOGREFE, | ) | 4:12CV3017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MCDONALD'S CORPORATION, | ) | |
| MCDONALD'S RESTAURANTS | ) | |
| OF NEBRASKA, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on January 31, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on January 31, 2012, against McDonald's Corporation, McDonald's Restaurants of Nebraska, McDonald's Restaurant Store #6939865, Gallagher and Bassett, Zurich American Insurance and four individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that all of the Defendants reside in Nebraska, with the exception of Gallagher and Bassett and "corporate employees who live in Illinois." (*Id*. at CM/ECF p. 5.) Plaintiff currently resides in Lincoln, Nebraska. (*Id*.; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on November 10, 2009, Defendant Jane Doe, a McDonald's employee, served her a large decaffeinated coffee in the drive-up window at the McDonald's located at 865 North 27th Street in Lincoln, Nebraska. (Filing No. 1 at CM/ECF p. 3.) The coffee spilled on Plaintiff's

legs causing first, second and third degree burns.  (*Id*. at CM/ECF pp. 3-5.)  Plaintiff seeks $1,750,000.00 in monetary damages for Defendants' negligence in "serving coffee . . . in an unsafe manner."  (*Id*.  at CM/ECF p. 6.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See* *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each

defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a).

Here, Plaintiff does not allege that her citizenship is different from the citizenship of each Defendant.  (Filing No. 1.)  Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

However, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction.  *Nw. S. Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  Plaintiff does not set forth any allegations that could be liberally construed to violate a constitutional right or any federal statute.  *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  In short, Plaintiff does not allege that Defendants deprived her of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  Rather, Plaintiff asserts claims, and seeks relief, pursuant to state law, such as claims for negligence.  Accordingly, the court lacks subject matter jurisdiction, and the Complaint is dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of February, 2012.

BY THE COURT:

3

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.